# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **SHALONDA LEWIS,** | No. 25-cv-12402-WJM-CF |
| **Plaintiff,** | **OPINION & ORDER** |
| v. | |
| **FALONI LAW GROUP, LLC, et al,** | |
| **Defendants.** | |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff brings this case against Defendant Faloni Law Group, LLC ("FLG"), LVNV Funding, LLC ("LVNV"), and ten John Doe defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"). ECF No. 11 ("AC"), ¶¶ 1, 5-7, 40. Before the Court is Defendants' Motion to Dismiss. ECF No. 14 ("Motion"). The Motion is fully briefed, and the Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Motion is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

According to the Amended Complaint, Plaintiff owed a past-due debt, which was ultimately assigned to Defendants to collect. AC ¶¶ 16, 22. Defendants initiated a collection lawsuit in state court, which the parties agreed to settle in November 2024. *Id.* ¶¶ 28, 30. Defendants then filed a Notice of Settlement, which Plaintiff alleges differed materially from the parties' agreement. *Id.* ¶¶ 31-32. Ultimately, the parties settled the state court action in March 2025. *Id.* ¶¶ 31-34; ECF No. 14-4 (referenced at AC ¶ 34). This lawsuit derives from Defendants "willfully and knowingly misrepresent[ing]" the November 2024 agreement, which Plaintiff asserts was an attempt to "recover[] the full, original balance of the debt." *Id.* ¶ 35. Plaintiff claims "emotional damages like stress, anxiety, embarrassment, and monetary losses," including "having to retain counsel and incur attorney's fees and court costs." *Id.* ¶ 41.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), the Court may dismiss a complaint for lack of subject matter jurisdiction. Where, as here, a defendant challenges the allegations of a complaint on their face, Mot. 5-6; Opp'n 4 n.1, the Court "appl[ies] the same standard as on a review of a motion to dismiss under Rule 12(b)(6). *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). The Court "must only consider

1

the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  Conclusory allegations "are not entitled to the assumption of truth." *Dervitz v. ARS Nat'l Servs. Inc.*, No. 22-3090, 2024 WL 1173739, at *4 (3d Cir. Mar. 19, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Recently, this Court granted a motion to dismiss for lack of standing where the complaint (which was filed by Plaintiff's counsel) alleged substantially similar injuries. *See Reeves v. Pressler, Felt & Warshaw, LLP*, No. 25-cv-17071-WJM-JSA, 2026 WL 594355, at *2 (D.N.J. Mar. 3, 2026) (holding that conclusory allegations of emotional injuries, paying court fees, and reciting the bare elements of an informational injury fail to state a concrete injury-in-fact).  The Court's reasoning in *Reeves* applies with equal force here, as threadbare allegations of "stress, anxiety, embarrassment, and monetary losses" from litigation do not suffice to state an injury-in-fact. *See id.*

Additionally, Plaintiff further lacks standing because she settled for an amount less than the debt itself. *Contrast* ECF No. 14-4 (March 11, 2025 Stipulation of Settlement stating that Plaintiff will pay $1,464), *with* AC ¶ 30 (alleging that Plaintiff agreed to pay $1,764), *and* ECF No. 19-3, at 4 (representing the original amount of the settlement as $1,600, referenced at AC ¶ 33).  Plaintiff cannot claim injury from any alleged misrepresentation by Defendants when she received the benefit of a lesser settlement.  *See Fitterer v. Resurgent Cap. Servs. L.P.*, No. 21-cv-19068, 2024 WL 1810027, at *5 (D.N.J. Apr. 25, 2024) (recognizing that an assertion of harm based on a beneficial settlement "strains the bounds of credulity to the point of contrivance and absurdity").

## III.    CONCLUSION

Because Plaintiff has failed to allege a concrete injury-in-fact, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

## IV.    ORDER

For the foregoing reasons and for good cause shown;

**IT IS** on this ___6___ day of April, 2026, hereby,

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 14, is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may file a second amended complaint <u>consistent with this Opinion and in strict accordance with Federal Rule of Civil Procedure 11 and Local Civil Rule 15.1</u> no later than **April 22, 2026**.

WILLIAM J. MARTINI, U.S.D.J.

2